MARY A. TILDSLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 10, 1916. — May 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* New trial, Verdict.

Upon a motion in writing for a new trial, on the grounds that a certain verdict was against the weight of evidence and that the damages assessed were not in accord with the evidence but contrary to the weight thereof, the trial judge indorsed the following memorandum and order: "Considering the exceedingly slight character of the direct physical injuries sustained by the plaintiff, and the greatly disproportionate and seemingly exaggerated effects of nervous shock claimed to have resulted therefrom, and the fact that this was the first cause tried by the jury, and that they necessarily lacked experience, and considering the unusual nature of the address to the jury by the counsel for the plaintiff, which well might have unduly excited their sympathy on the one hand and their prejudice on the other, I am of the opinion, and I find, that the damages assessed were not in accordance with the evidence, but contrary to the weight thereof. Defendant's motion is allowed, the verdict is set aside, and a new trial ordered." *Held,* that the verdict was set aside as a whole and that the new trial was ordered upon all the issues in the case and was not limited to the question of the amount of damages.

TORT for personal injuries sustained on December 31, 1912, when the plaintiff was a passenger on a street railway car operated by the defendant on Broadway Extension in the part of Boston called South Boston. Writ dated January 11, 1913.

In the Superior Court the case first was tried before *Stevens,* J. The jury returned a verdict for the plaintiff in the sum of $1,750, which was set aside by the judge.

There was a second trial before *King*, J., at which the jury returned a verdict for the plaintiff in the sum of $1,800. The defendant made in writing the motion for a new trial which is described in the opinion and the judge indorsed thereon the order there quoted.

Thereupon there was a third trial before *Fessenden*, J. After the jury were impanelled, the plaintiff's counsel asked the judge to rule that the trial be limited to the question of the amount of damages, contending that St. 1911, c. 501, applied to the granting of the motion for a new trial by *King*, J., and to the statement filed by him. The judge refused so to rule, and ordered that the trial proceed upon all the issues. The plaintiff excepted. At the close of all the evidence, the plaintiff's counsel asked the judge to rule as follows: "The only question for the jury is as to the amount of damages." The judge refused to make this ruling and submitted the case to the jury upon all the issues. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Creed & J. J. Mansfield*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

Rugg, C. J. This case was tried before a judge of the Superior Court sitting with a jury, where a verdict was rendered for the plaintiff. A motion to set aside the verdict was filed, alleging (1) that it was against the weight of the evidence, and (2) that "the damages assessed were not in accordance with the evidence, but contrary to the weight thereof." Upon that motion the judge made this indorsement: "Considering the exceedingly slight character of the direct physical injuries sustained by the plaintiff, and the greatly disproportionate and seemingly exaggerated effects of nervous shock claimed to have resulted therefrom, and the fact that this was the first cause tried by the jury, and that they necessarily lacked experience, and considering the unusual nature of the address to the jury by the counsel for the plaintiff, which well might have unduly excited their sympathy on the one hand and their prejudice on the other, I am of the opinion, and I find, that the damages assessed were not in accordance with the evidence, but contrary to the weight thereof. Defendant's motion is allowed, the verdict is set aside, and a new trial ordered."

The question to be decided is the meaning of this statement. Its concluding sentence, standing by itself, is unmistakable. It is a direct and complete setting aside of the verdict as a whole and directing an entirely new trial upon every issue. All that which precedes the final sentence is somewhat lacking in perspicuity. It creates confusion but does not go quite far enough to cut down the decisive conclusion reached. St. 1911, c. 501, provides that a judge in "granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted." The indorsement is a compliance with this statute. Emphasis doubtless is placed on excessive damages and the finding is that they are not in accordance with the evidence. But reference is made, also, to other matters. The character of the physical injury, said to have been slight, may have been incompatible with the manner of the accident, as testified to by the plaintiff. The inexperience of the jury in conjunction with the general verdict may have shaken the belief of the judge in its freedom from bias, misapprehension or prejudice on liability as well as on damages. *Scannell* v. *Boston Elevated Railway*, 208 Mass. 513.

The reference to the unusual nature of the argument in behalf of the plaintiff bears as strongly upon liability as upon any other issue. It is the plain duty of a judge presiding over a jury trial, to take note of improper arguments and counteract their effect. It is his primary obligation to see that a fair trial is had and that no unjust advantage is taken by either side. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 514. He may in his discretion cause the objectionable conduct to cease at once. But he may deal with it in any other proper way to the end that no wrong be done. *Commonwealth* v. *Richmond*, 207 Mass. 240, 250.

It is provided by R. L. c. 173, § 112, that no verdict shall be "set aside as excessive until the prevailing party has first been given an opportunity to remit so much thereof as the court adjudges is excessive." It is manifest that the judge did not intend to set aside this verdict on the ground of excessive damages, for he fixed no sum to be remitted at the election of the plaintiff.

Moreover, it is conceivable that the finding as to damages may be so violently contrary to the evidence as to taint the verdict as an entirety and require a complete new trial.

Therefore, we are brought to the conclusion that the verdict was set aside as a whole. *Edwards* v. *Willey,* 218 Mass. 363.

*Exceptions overruled,*