ANNIE M. RYAN *vs.* DENNIS W. HICKEY.

Suffolk.   October 19, 1921. — November 21, 1921.

Present: RUGG, C. J., CROSBY, CARROLL & JENNEY, JJ.

*Judgment,* Petition to vacate.

A petition under G. L. c. 250, §§ 14–20, to vacate a judgment ordinarily is addressed to the discretion of the court and a refusal to grant it raises no question of law.

At the trial of an action against an indorser of a promissory note, there was a verdict for the plaintiff.  The defendant moved for a new trial on the ground that there was no evidence of notice to the defendant of non-payment of the note or of a waiver of such notice and stated to the court in substance that, if the motion was denied, exceptions would be taken.  The motion was denied and no notice of such action was sent to the defendant.  Judgment was entered for the plaintiff.  The defendant thereupon filed a petition to vacate the judgment.  *Held,* that

(1) The petition disclosed ground which, as a matter of law, would not warrant a vacation of the judgment;

(2) The question raised at the motion for a new trial should have been raised at the trial, when it would have been appropriate for the defendant to save an exception to an adverse ruling;

(3) While the motion for a new trial might have been granted, the petitioner could not require it as a matter of right;

(4) There having been no abuse of judicial discretion in denying the motion for a new trial, there was no ruling of law to which the petitioner could have saved a valid exception if he had received notice of the action of the court, and he therefore was not prejudiced by not receiving such a notice.

PETITION, filed in the Superior Court on February 9, 1921, for the vacation of a judgment entered against the petitioner in an action at law in which she and one Gilbert H. Ryan were defendants and the respondent was plaintiff and which was based upon an alleged liability of the petitioner as indorser upon a promissory note made by Gilbert H. Ryan.   The material allegations in the petition are described in the opinion.

The respondent demurred to the petition.  The demurrer was heard by *Sisk,* J., and was sustained and the petition was dismissed.  The petitioner appealed.

*R. W. Gloag,* (*T. P. Diggins* with him,) for the petitioner.

*R. W. Light,* for the respondent.

RUGG, C. J.   This is a petition under G. L. c. 250, §§ 14–20, to vacate a judgment entered in the Superior Court.  The salient facts alleged are that an action of contract on a promissory note, brought against the present petitioner as defendant, was tried to a jury and resulted in a verdict for the plaintiff; that the petitioner, being defendant in that action, seasonably filed a motion for a new trial on the ground among others that the verdict was against the law in that there was no evidence before the jury of any demand having been made and refused and notice of non-payment given so as to make the petitioner, the defendant in that action, liable, and that there was no evidence of any waiver thereof, and that notice was given to the judge, who heard the motion, of intention to take exception to an adverse ruling and decision; that the motion was denied in the absence of counsel and that no notice thereof was given to counsel or client and no knowledge thereof came to either counsel or client in time to save exceptions. A demurrer to the petition was sustained and an order was entered dismissing the petition.  The petitioner's appeal brings the case here.

A petition to vacate a judgment under the statute ordinarily is addressed to the discretion of the court and the refusal to grant it raises no question of law.  *Hunt* v. *Simester,* 223 Mass. 489. *Marsch* v. *Southern New England Railroad,* 235 Mass. 304.  *Porter* v. *Travelers Ins. Co.* 236 Mass. 524.

This record presents the different question whether the petition discloses ground, which, as matter of law, would justify the exercise of a sound judicial discretion in favor of the petitioner.  That question must be answered in the negative.  This petition discloses ground which as matter of law would not warrant the vacation of the judgment.

The point upon which the petitioner relies is that her motion for a new trial ought to have been granted because at the trial before the jury there was as matter of law no evidence to support a verdict against her.  That was a question of law which might and hence ought to have been raised at the jury trial.  That was the time for saving exception on that ground, and no right of the petitioner was invaded by subsequent action if she failed to act then.  *Commonwealth* v. *Morrison,* 134 Mass. 189.  *Commonwealth* v. *Borasky,* 214 Mass. 313, 321.  *Boyd* v. *Boston Elevated*

*Railway,* 224 Mass. 199. *Crowdis* v. *Hayward,* 233 Mass. 377. *Flynn* v. *Johnson,* 234 Mass. 36.

The granting or the denying of a motion for a new trial on the ground stated rested wholly in sound judicial discretion. The judge may as matter of discretion permit to be raised on a motion for a new trial questions of law which might also have been raised at the trial on the merits. But this cannot be done by a party as matter of right. *Loveland* v. *Rand,* 200 Mass. 142.

There is nothing on this record to indicate that there was any abuse of judicial discretion in overruling the motion for a new trial. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 497. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Commonwealth* v. *Russ,* 232 Mass. 58, 83. The judge having exercised his discretion against the petitioner, it cannot be said that in law she sets out any ground for relief by narrating in her petition facts showing only the exercise of discretion which is not matter of exception. If she had received notice of the action of the judge in overruling the motion for a new trial and had excepted seasonably on the grounds set forth in the present petition, it would have been necessary under the authorities heretofore cited to overrule her exceptions. She could not raise by exceptions to rulings made on a motion for new trial questions which might have been raised at the trial.

The fact that the petitioner received no notice of the action of the judge in overruling the motion for a new trial gives her no added rights. *Goodrum* v. *Grimes,* 185 Mass. 80. *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43. The record discloses no question of law to which she could have taken a valid exception if she had received notice and acted to that end seasonably.

*Order dismissing petition affirmed.*