NATHAN BARNETT *vs.* CLARENCE B. LOUD.

Suffolk.    October 18, 1922. — January 8, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, Verdict, New trial, Order *nunc pro tunc.*

A case is not ripe for judgment, so that pending exceptions to rulings in the trial court can be entered in this court, until the record so to be entered is of such a character that, if this court in determining the questions of law presented thereby sustains the action of the trial court, a final judgment may be entered in the trial court.

On motion of the defendant in an action of tort a verdict for the plaintiff was set aside and a new trial was ordered on February 20, 1919, to which order the plaintiff saved exceptions and his bill of exceptions (the first) was allowed on October 24, 1919.  At a second trial, a verdict for the defendant was returned on May 25, 1920.  On June 1, 1920, the defendant filed a bill purporting to state exceptions saved at the second trial, which was allowed in a substituted form on October 19, 1920.  These exceptions were dismissed by order of court on November 5, 1921, for lack of prosecution and because intended for delay.  To this order of dismissal, the plaintiff alleged exceptions on November 22, 1921.  On March 20, 1922, a hearing was had in the Superior Court on a motion by the defendant to dismiss the first exceptions and the matter was taken under advisement.  On March 27, 1922, the exceptions alleged on November 22, 1921, were dismissed under Superior Court Rule 54 (1915).  On March 30, 1922, the plaintiff, without notice to the judge of the Superior Court, entered the first bill in this court.  On April 12, 1922, the judge of the Superior Court entered an order dismissing that bill, which order he thereafter vacated, entering a new order dismissing the bill *nunc pro tunc* as of March 20, 1922.  *Held,* that

(1) The plaintiff's conduct in entering the exceptions in this court while the motion to dismiss or to overrule them was being considered by a judge of the Superior Court before whom it had been heard, and without notice to that judge, was not dealt with, the plaintiff having had no hearing on that subject;

(2) The action was not ripe for judgment until March 27, 1922, and the first bill of exceptions could not have been entered in this court before that date;

(3) The first bill of exceptions, having been entered in this court on the third day after entry was permissible, could not be said not to have been entered within the time permitted in the absence of a specific finding to that effect;

(4) The entry by the judge of the Superior Court of the order dismissing the first bill as of a date previous to the date of its entry in this court was ineffectual. The declaration in an action of tort contained four counts, two for libel, one for malicious prosecution, and one for slander, each being for a distinct and independent cause of action. A separate verdict for substantial damages was returned for the plaintiff on each count. After a hearing, a motion by the defendant for a new trial, alleging several grounds, one of which was that the verdict as to each count and as a whole was against the evidence and the weight of the evidence, was allowed, the trial judge making the order as follows: "By agreement of counsel and order of the court separate verdicts were returned on each of the four counts of the plaintiff's declaration. The four verdicts must be treated as one verdict. The verdict is against the evidence and the weight of the evidence and is set aside and a new trial ordered." *Held,* that

(1) The words in the order of the judge did not constitute a ruling of law that it was impossible to treat the verdicts otherwise than as a single verdict;

(2) As matter of construction the words used by the judge expressed in concise form the opinion of the judge that the verdicts upon the several counts all stood on the same footing so far as concerned their freedom from error and therefore that on the motion for new trial they did not require separate treatment but would be grouped as all being tainted with the same infirmity;

(3) There was nothing in the record to show abuse of discretion by the trial judge in setting aside the verdict.

TORT. Writ dated May 11, 1918.

The pleadings are described in the opinion. The action was first tried in the Superior Court before *Lawton,* J., and, in the circumstances described in the opinion, a verdict was returned for the plaintiff. The defendant moved for a new trial. The motion was allowed, the judge filing the memorandum described in the opinion; and the plaintiff alleged exceptions.

Subsequent proceedings in the Superior Court are described in the opinion.

When the exceptions came on for hearing before this court, the defendant presented a motion, reciting "that said bill of exceptions was wrongfully and unlawfully entered in said court, said bill of exceptions having been dismissed and overruled by our Superior Court . . . before the entry thereof in the Supreme Judicial Court as appears of record in said Superior Court," and moved "that the entry and the record of the entry of said bill of exceptions in the Supreme Judicial Court be expunged from said court and from the records of the Supreme Judicial Court." With the motion, the defendant filed a certified copy of the docket entries in the Superior Court.

*N. Barnett, pro se.*

The defendant, except for the presentation of the motion above described, filed no brief and did not argue.

RUGG, C. J. This is an action of tort. There are four counts in the declaration; two for libel, one for malicious prosecution, and one for slander, each being for a distinct and independent cause of action. At the first trial before a jury, a separate verdict for substantial damages was returned for the plaintiff on each count. The defendant filed a motion for a new trial, alleging several grounds, one of which was that the verdict as to each count and as a whole was against the evidence and the weight of the evidence. After argument upon the motion, the judge took the matter under advisement and on February 20, 1919, filed an order which purported to set aside the verdicts.

The plaintiff filed the present bill of exceptions seasonably and it was allowed on October 24, 1919. Three days later the plaintiff filed a petition to vacate the allowance of his exceptions. That petition was denied on November 1, 1919, and the plaintiff, having seasonably excepted, filed on November 18, 1919, his exceptions to that denial. This was his second bill of exceptions. On May 17, 1920, this second bill of exceptions, never having been allowed, was dismissed under Rule 54 of the Superior Court (1915). A second trial on the merits resulted in verdicts for the defendant on each of the four counts of the declaration on May 25, 1920. On June 1, 1920, the plaintiff filed exceptions concerning that trial and on October 19, 1920, his substitute exceptions on this matter were allowed. On November 6, 1920, the plaintiff filed exceptions to that allowance of his substitute exceptions and on November 5, 1921, by order of the Superior Court, those exceptions were disallowed (see in this connection *Barnett, petitioner,* 240 Mass. 228), and on the same day the exceptions of June 1, 1920, were dismissed for lack of prosecution and because intended for delay. The docket entry describes that as the "First bill of exceptions," but an examination of the original papers shows that the exceptions of June 1, 1920, were meant. From these orders of November 5, 1921, the plaintiff appealed on November 9, 1921. At the same time he claimed exceptions, which were filed on November 22, 1921, and which, never having been allowed, were dismissed under Rule 54 of the Superior Court (1915) on March 27, 1922. Hearing was had on March 20, 1922, on motion to overrule

the plaintiff's first bill of exceptions allowed on October 24, 1919, and the matter was taken under advisement by the Superior Court judge who, on April 12, 1922, ordered that bill of exceptions to be overruled under G. L. c. 231, § 133. In the meantime the plaintiff, on March 30, 1922, while the motion was pending before the Superior Court after hearing but before decision, entered this bill of exceptions in this court. This matter was called to the attention of the Superior Court judge, who, on May 1, 1922, vacated his order of April 12, 1922, and entered an order *nunc pro tunc* overruling the plaintiff's first, being the present, bill of exceptions under G. L. c. 231, § 133, as of March 20, 1922, the date when the motion was heard and taken under advisement.

The plaintiff's conduct in entering the exceptions in this court while the motion to dismiss or overrule them was being considered by the Superior Court after a hearing, without notice to the judge before whom the matter was pending, is not dealt with here. The plaintiff has had no hearing on that subject. The present case is considered on its merits apart from that.

The plaintiff could not rightly have entered his first, being the present, bill of exceptions allowed on October 24, 1919, in this court at that time and it could not have been considered by this court in any way (not having been reported by the presiding judge), because the case was not then ripe for judgment. The errors of law there alleged related to an interlocutory matter. *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. *Farris* v. *St. Paul's Baptist Church,* 216 Mass. 570. The only course comformable to our practice was for the plaintiff to wait until the case was ripe for judgment and then enter all exceptions, whether to interlocutory or final rulings or orders, in this court for disposition. *Brooks* v. *Shaw,* 197 Mass. 376. *Richardson* v. *Greenhood,* 225 Mass. 608. The plaintiff could only let that bill of exceptions lie on the files of the Superior Court until the arrival of the appropriate time for entry in this court.

It appears from this narration of the dates of occurrence of the pertinent facts that the case was not ripe for judgment on the record until March 27, 1922, when the plaintiff's exceptions filed November 22, 1921, but never allowed, were dismissed under the rule. Up to that date, there had never been a time when the plaintiff rightly could have entered the present bill of exceptions

in this court.  Whatever may be said about the plaintiff's conduct respecting his other exceptions and appeals, he still had his rights under this first bill of exceptions.  His unwarrantable delay in having the bill of exceptions of November 22, 1921, called to the attention of the court and allowed, and their consequent dismissal, could not under the law permit the court to dismiss this bill of exceptions as of a date earlier than it could have been entered in this court.  The statute and decisions do not allow this on the facts disclosed in the present record.  G. L. c. 231, § 133.

The entry of the first bill of exceptions was made in this court on the third day after it was permissible.  That cannot be said not to have been made within the time permitted in the absence of a specific finding to that effect.  *Griffin* v. *Griffin,* 222 Mass. 218.  The entry of the order *nunc pro tunc* was ineffectual.  *Perkins* v. *Perkins,* 225 Mass. 392.

The only question raised on the merits of the bill of exceptions relates to the setting aside of the verdict or verdicts at the first jury trial.  The general rule is that a motion for a new trial is addressed to the sound discretion of the trial judge, to the exercise of which no exception lies.  Only in rare instances can it be said that there has been an abuse of discretion.  *Ryan* v. *Hickey,* 240 Mass. 46, and cases collected at page 48.  *Hallett* v. *Jordan Marsh Co.* 240 Mass. 110.

The only difficulty in the case at bar arises from the form of the order in which the verdicts were set aside.  It was in these words: "By agreement of counsel and order of the court separate verdicts were returned on each of the four counts of the plaintiff's declaration.  The four verdicts must be treated as one verdict.  The verdict is against the evidence and the weight of the evidence and is set aside and a new trial is ordered."  It was the common law conception of a verdict that it was single and indivisible.  It still is not uncommon to refer to a verdict as an entity which must stand or fall as a whole.  *Simmons* v. *Fish,* 210 Mass. 563, 572.  The modern practice has widely extended the joining of several counts for distinct causes of action in civil matters in a single action and for different crimes of the same general nature in a single indictment in criminal matters.  G. L. c. 231, § 7, cl. 5.  *Commonwealth* v. *Rosenthal,* 211 Mass. 50.  *Commonwealth* v. *Dow,* 217 Mass. 473.  *Lebowitch* v. *Commonwealth,* 235 Mass. 357, 363.

*Commonwealth* v. *Szczepanek,* 235 Mass. 411. It is therefore as matter of law possible to set aside verdicts as to one or more counts and leave undisturbed verdicts as to other counts. Verdict as to one count may be vitiated for some error and stand as to other counts. *Commonwealth* v. *Nickerson,* 5 Allen, 518, 529. *Pelton* v. *Nichols,* 180 Mass. 245. *Commonwealth* v. *Dyer, ante,* 472. Nevertheless, verdicts upon different counts have recently been termed "different parts of a verdict." Knowlton, C. J., in *Lufkin* v. *Hitchcock,* 194 Mass. 231, 233. *Commonwealth* v. *Haskins,* 128 Mass. 60. See *Reilly* v. *Boston Elevated Railway,* 206 Mass. 53, 55.

The words in the order setting aside the verdict that "the four verdicts must be treated as one verdict" do not constitute a ruling of law that it was impossible to treat them otherwise than as a single verdict. These words may be regarded as referring to the verdict in this general way of being in one aspect single but having the several aspects referable to each count. As matter of construction they express in concise form the opinion of the judge that the verdicts upon the several counts all stood on the same footing so far as concerned their freedom from error and therefore on motion for new trial did not require separate treatment but would be grouped as all being tainted with the same infirmity. The evidence, so far as set out in the record, gives color to that interpretation. This well may have been thought to be a case where the evidence for the plaintiff on the one side or that of the defendant on the other made the several causes of action so interwoven that the new trial should be had as to all the counts. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, and cases there cited.

There is nothing in this record to show abuse of discretion by the trial judge in setting aside the verdict. *Coffin* v. *Phenix Ins. Co.* 15 Pick. 291. *Edwards* v. *Willey,* 218 Mass. 363. *Berggren* v. *Mutual Life Ins. Co. of New York,* 231 Mass. 173. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482.

*Exceptions overruled.*