## MORRIS BILSKY *vs.* FRED J. BRALEY.

### ROSE BILSKY *vs.* SAME.

Bristol.    Octóber 22, 1923. — October 23, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Practice, Civil,* New trial.

Disposition of a motion to set aside a verdict for recognized causes rests in sound judicial discretion.

TWO ACTIONS OF TORT, the first action being for personal injuries, damage to the plaintiff's automobile and damages consequential upon personal injuries received by the plaintiff's wife, the plaintiff in the second action, and alleged to have resulted from a collision between a truck of the defendant and the plaintiff's automobile caused by negligence for which the defendant was accountable. The second action was for personal injuries only. Writs dated June 14, 1918, and July 28, 1921.

In the Superior Court, the actions were tried together before *Walsh,* J. There were verdicts for the plaintiffs in the sum of $735 and $5,000, respectively. In each action the defendant filed a motion for a new trial on the grounds that the verdict was against the evidence and the weight of the evidence and was contrary to the evidence and the law

applicable to the cause, and that the damages awarded by the jury were excessive.

The motions were allowed, the judge stating as the reasons therefor in the first action " that the verdict was clearly against the weight of the evidence and the damages awarded were not in accord with the evidence and the law," and in the second action " that the verdict was clearly against the weight of the evidence and not in accord with the law and the evidence. The damages awarded were not in accord with the evidence, taking the most favorable view of the plaintiff's testimony and her witnesses."

The plaintiffs alleged exceptions.

*D. R. Radovsky*, for the plaintiffs.

*G. E. Lilley*, for the defendant.

BY THE COURT. The defendant filed a motion in each of these cases to set aside for several reasons a verdict returned in favor of the plaintiff. The judge granted the motions on the grounds in substance that each verdict was against the weight of the evidence and the damages awarded were not in accord with the evidence. In one case also the judge stated that the verdict and in the other that the damages were against the law. These all were alleged as grounds in the motions. It is the general rule that the disposition of a motion to set aside a verdict for recognized causes rests in sound judicial discretion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Harrington* v. *Boston Elevated Railway*, 229 Mass. 421. *Tildsley* v. *Boston Elevated Railway*, 224 Mass. 117. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173. *Ryan* v. *Hickey*, 240 Mass. 46. *Commonwealth* v. *Dascalakis, ante,* 12. There is nothing in the present record to take the cases at bar out of that general rule.

*Exceptions overruled.*