# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

BETTY ALDEN ANTI *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

SILVANO ANTI *vs.* SAME.

Middlesex.    November 12, 1923. — November 27, 1923.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Exceptions, New trial, Requests and rulings. *Waiver. Negli-gence,* Street railway. *Evidence,* Of damages, Competency. *Damages,*
In tort.

A party to an action at law, who has saved an exception to an order setting
aside a verdict obtained by him and ordering a new trial of the action,
does not waive his exception by proceeding with a new trial, such an order
being interlocutory and not final in its nature.
If a judge, in allowing a motion for a new trial of an action of tort for personal
injuries· which was based on the alleged ground that the verdict "was
against the law and against the evidence and the weight of the evidence,"
files a statement under G. L. c. 231, §§ 127, 128, "Motion allowed for the
reason that the verdict was clearly against the weight of the evidence,"
the requirements of the statute have been complied with and the verdict
is set aside.
At the trial of an action by a child of tender years against a street railway
company for personal injuries alleged to have been received when the child,
who was a traveller upon a highway, was struck by an automobile and
thrown in front of a street car of the defendant, evidence tending to show
the bringing of an action by the plaintiff against the owner of the automobile,

the payment of money to the plaintiff by him, and the execution of a cove-
nant by the plaintiff not to sue him, and all the evidence in connection
therewith, properly may be admitted, it being at least competent upon the
question of damages.

At the trial of the action above described, there was some evidence warranting
a finding that the plaintiff did not exercise the care proper for a child of his
years upon the highway and that such negligence contributed to his being
struck by the automobile and thrown in front of the defendant's street
car. At the request of the plaintiff, the judge instructed the jury as fol-
lows: " If the jury finds that the motorman operating the defendant's
car was negligent either in not seeing the plaintiff in time to stop the car
before it reached her as she lay on the track, or in failing to bring the car
to a stop after he did see her, in time to avoid the accident, and if the jury
further finds that the plaintiff was not guilty of any negligence that con-
tributed to her injury, then the plaintiff is entitled to recover for such injury
as the jury may find she suffered on account of being hit by the defendant's
car." *Held,* that

(1) The instruction thus given was correct;

(2) It was proper for the judge to refuse to instruct the jury further that
if they found that the plaintiff upon the highway was hit by an automobile
" and thereby thrown upon the tracks of the defendant company on said
street and thereby placed in a dangerous situation which was beyond her
immediate control, and the defendant, having full knowledge of the danger-
ous situation or, by the exercise of reasonable care, could have seen and
appreciated such dangerous situation and had full opportunity, by the
exercise of reasonable care, to avoid injury to the plaintiff in such dangerous
situation, nevertheless causes an injury, the defendant is liable for the
injury so caused, notwithstanding that the jury may also find that the
plaintiff, when hit by said automobile and thrown upon said track, was not
using such care as ordinarily would be expected of a person of her age and
experience."

TWO ACTIONS OF TORT, the first by a minor for personal
injuries alleged to have been received when she was a trav-
eller upon Mount Auburn Street in Cambridge and was
struck by an automobile of one Frank S. Austin and thrown
upon the car tracks of the defendant where she was run into
by a street car of the defendant alleged to have been operated
negligently. The second action is by the father of the plain-
tiff in the first action for consequential damages. Writs
dated December 16, 1919.

In the Superior Court the actions first were tried together
before *Flynn,* J., and verdicts were returned for the plaintiff
in the first action in the sum of $6,600 and for the plaintiff
in the second action in the sum of $100. Proceedings relat-
ing to motions for a new trial, which were granted by the

judge subject to exceptions by the plaintiff, are described in the opinion.

A second trial of the actions occurred before *Aiken*, C.J. Material evidence, requests for rulings, and instructions given to the jury are described in the opinion.   The jury found for the defendant in both actions and the plaintiff alleged exceptions which, after the resignation of *Aiken*, C.J., were allowed by *Wait*, J.

*F. L. Simpson*, (*W. Damiano* with him,) for the plaintiffs.

*A. Marshall*, for the defendant.

RUGG, C.J.   A verdict was returned for the plaintiff in each of these cases on February 23, 1921.   The defendant seasonably filed a motion in each case for a new trial assigning as reasons that the verdict "was against the law and against the evidence and the weight of the evidence."   The judge after hearing indorsed on March 4, 1921, on each, "Motion allowed for the reason that the verdict was clearly against the weight of the evidence."   The plaintiffs seasonably excepted to the order of the court in granting the new trial, and duly filed a bill of exceptions.   While that bill of exceptions was pending before allowance, a new trial was had resulting in verdicts for the defendant.   The judge who presided at the first trial thereupon reported the question whether those exceptions had been waived by the conduct of the plaintiffs in proceeding to a second trial before prosecuting their exceptions to the orders setting aside the verdicts, disallowing the exceptions, if so waived, and allowing them, if not so waived.   *Riley* v. *Brusendorff*, 226 Mass. 310, 313.

There was no waiver of exceptions to the setting aside of the verdicts seasonably filed but not allowed, by proceeding to another trial.   The orders of the judge allowing the motions to set aside the verdicts were interlocutory and not final in their nature.   After they had been made, the cases were not ripe for final judgment.   Another trial was necessary before the cases could be ripe for final judgment.   The proper course was for each plaintiff to file exceptions to the order setting aside the verdict.   Those exceptions, in the absence of a report by the trial judge, could not be entered in the full court until the cases were ripe for final judgment.   *Brooks* v.

*Shaw,* 197 Mass. 376, 378.    *Weil* v. *Boston Elevated Railway,*
216 Mass. 545.    *Barnett* v. *Loud,* 243 Mass. 510, 513.
*Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128, 130.    The
right of each plaintiff under the rules and orders of the court
to have his exceptions allowed had not expired by limitation
of time when the second trial occurred.    But for the inter-
vention of the second trial, it is not contended that the bills
of exceptions as to setting aside the verdicts could not rightly
have been allowed.    Waiver is the voluntary relinquishment
of a known right.    The plaintiffs by proceeding to the second
trial relinquished nothing as to their earlier exceptions.
They could not enter such exceptions in this court until after
their cases had become ripe for final judgment through a
second trial.    There was no inconsistency in pressing for a
second trial, because they could not press their exceptions to
the earlier interlocutory orders of which they complained
until after such second trial.    Report of that interlocutory
question rested in the discretion of the presiding judge.
The plaintiffs were not entitled to such report as matter of
right.    *Strong* v. *Carver Cotton Gin Co.* 202 Mass. 209, 212.
The defendant suffered no possible harm by delay in the
allowance of those exceptions until after the second trial.
The exceptions touching the setting aside of the verdicts are
rightly before us.

The plaintiffs do not and could not properly contend that
the orders setting aside the verdicts constituted an abuse of
judicial discretion.    They recognize and accept the general
rule that whether a verdict shall be set aside on motion for
any of the causes allowed by law commonly rests in sound
judicial discretion and is not subject to review.    *Davis* v.
*Boston Elevated Railway,* 235 Mass. 482, 496, 497, and cases
there cited.    *Ryan* v. *Hickey,* 240 Mass. 46.    *Hallett* v.
*Jordan Marsh Co.* 240 Mass. 110.    *Bilsky* v. *Braley,* 246
Mass. 480.

The contention of the plaintiffs is that the form of the
order of the judge in setting aside the verdicts did not con-
form to G. L. c. 231, §§ 127, 128.    It is provided in substance
by those sections that a verdict can be set aside only upon a
motion in writing, by a party to the cause, alleging reasons

with respect to which the judge in granting a new trial must " file a statement setting forth fully the grounds upon which the motion is granted, which statement shall be a part of the record of the case."

At common law and apart from statute the court had power to set aside a verdict upon its own motion for any cause allowed by law. *Ellis* v. *Ginsburg*, 163 Mass. 143. It was enacted by St. 1897, c. 472, that no verdict could be set aside except upon a motion in writing by a party to the cause setting forth the reasons relied on in its support. It was held in *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, that this statute was constitutional and that under it the court had no power to set aside a verdict for any reason not alleged in the motion. Thereafter St. 1911, c. 501, was enacted requiring the judge to file the statement already described.

The statement filed in the case at bar was a sufficient compliance with the statute. The requirement that the statement shall set " forth fully the grounds on which the motion is granted " does not mean that it must contain an analysis of the evidence and the inferences drawn therefrom which lead the court to his decision. It signifies simply that among the reasons alleged in the motion the court shall specify with particularity the grounds on which his mind rests in reaching his conclusion. The parties thus are advised of the exact foundation for the action taken by the judge. Provision is made thereby that the verdict may not be set aside for any cause not mentioned in the motion and that when the reason relates solely to excessive or inadequate damages, the new trial may be confined to damages; and that in any event the statement shall be a part of the record. See in this particular *Cressey* v. *Cressey*, 213 Mass. 191, and *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135. This interpretation gives reasonable and ample scope to the words of the statute. Any other would impose a useless burden upon a trial judge which could result in no advantage to either party because it is a part of trial by jury that the trial judge has power to set aside a verdict not so supported by law and evidence that it ought to stand. *Simmons* v. *Fish*, 210 Mass. 563, 565. This conclusion is in harmony with what was said

in *Edwards* v. *Willey,* 218 Mass. 363. It conforms to the practice under the statute. *Sherman* v. *Collingwood,* 221 Mass. 8, 14. *Centennial Electric Co.* v. *Morse,* 227 Mass. 486, 490. *Barnett* v. *Loud,* 243 Mass. 510, 514. It follows that the procedure adopted by the judge in setting aside the verdicts at the first trial was proper and that the verdicts were in law set aside. *Tildsley* v. *Boston Elevated Railway,* 224 Mass. 117.

It remains to consider the exceptions taken by the plaintiffs at the second trial.

The actions are in tort, one to recover compensation for personal injuries to a minor, and the other to recover consequential damages sustained by her father. The evidence showed that the child (hereinafter referred to as the plaintiff) in attempting to cross a street was struck by an automobile and thrown on to the tracks of the defendant, in front of an approaching car operated by a motorman in the employ of the defendant. There was evidence which would have warranted a finding to the effect that she did not exercise the care of a child of her years in attempting to cross the street and that such negligence contributed to her being struck by the automobile and being thrown in front of the car of the defendant.

Evidence as to an action by both the plaintiffs against the owner of the automobile, the payment of money to the plaintiffs by that defendant and the execution of a covenant by the plaintiffs not to sue him and all evidence connected therewith, was rightly admitted. It was at least competent upon the question of damages. *O'Neil* v. *National Oil Co.* 231 Mass. 20, 29, and cases cited. *Muse* v. *DeVito,* 243 Mass. 384, 389.

The fifth request of the plaintiffs for an instruction to the jury was in these words: " If the jury finds that the motorman operating the defendant's car was negligent either in not seeing the plaintiff in time to stop the car before it reached her as she lay on the track, or in failing to bring the car to a stop after he did see her, in time to avoid the accident, and if the jury further finds that the plaintiff was not guilty of any negligence that contributed to her injury, then the plaintiff

is entitled to recover for such injury as the jury may find she suffered on account of being hit by the defendant's car." That request was given.

The sixth request of the plaintiffs was: " If the jury finds that the plaintiff in crossing Mt. Auburn Street was hit by an automobile . . . and thereby thrown upon the tracks of the defendant company on said street and thereby placed in a dangerous situation which was beyond her immediate control, and the defendant having full knowledge of the dangerous situation or, by the exercise of reasonable care, could have seen and appreciated such dangerous situation and had full opportunity, by the exercise of reasonable care, to avoid injury to the plaintiff in such dangerous situation, nevertheless causes an injury, the defendant is liable for the injury so caused, notwithstanding that the jury may also find that the plaintiff, when hit by said automobile and thrown upon said track, was not using such care as ordinarily would be expected of a person of her age and experience." That request was denied rightly. That request in substance was a positive direction to the effect that the defendant must be found liable as matter of law if its motorman was negligent and the accident happened as therein stated. That was at most a question of fact. It could not have been ruled as matter of law. *Daris* v. *Middlesex & Boston Street Railway,* 241 Mass. 580. This request apparently was founded on *Black* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 448, but is not supported by that decision which is distinguishable. It need not be decided whether the request was open to other objections. The jury were correctly instructed by request 5. That was all to which the plaintiffs were entitled in the circumstances on this point.

No exception was saved to any part of the charge. Exception does not lie to a charge as a whole. The exception to the refusal to give the other request has been waived.

*Both bills of exceptions overruled.*