FRANCIS DOWNS *vs.* THOMAS M. JAMES.

Suffolk.   January 14, 1926. — January 14, 1926.

Present: RUGG, C.J., BRALEY, CARROLL, & WAIT, JJ.

*Practice, Civil,* New Trial, Actions tried together.

Where, at the trial together of two actions by the same plaintiff against
different defendants, the judge instructs the jury that verdicts could
not be rendered in favor of the plaintiff against both defendants and the
jury found for the plaintiff against the defendant in one action and for
the defendant in the other action, and a motion for a new trial is filed by
the defeated party in each action, the mere fact, that in the action where
the plaintiff was successful the verdict is set aside, does not require, as
a matter of law, that the verdict in the other action also should be set
aside.

CONTRACT, afterwards, by amendment, CONTRACT OR TORT,
for a commission amounting to $10,485.50, alleged to have
been earned by the plaintiff.  Writ dated February 17, 1920.

In the Superior Court, the action was tried before *Sander-
son, J.,* with another against a corporation.  Proceedings
with regard to the instructions to the jury, the verdicts,
and the motions for a new trial are described in the opinion.
The plaintiff alleged an exception to a denial of his motion.
for a new trial.

*J. H. Baldwin,* for the plaintiff.

*J. F. Meagher,* for the defendant, was not called on.

BY THE COURT.  This action was tried together with an-
other action by the same plaintiff against a corporation in
which the defendant James was an officer.  The purpose of
each action was to recover a single claim.  At that joint
trial, the cases were submitted to the jury by a charge to
which no exceptions were taken.  The jury were instructed
that a verdict could not be rendered in favor of the plaintiff
against both defendants.  A verdict was rendered in favor
of the plaintiff in the action against the corporation and
against the plaintiff in the action against the defendant
James.  A motion to set aside the verdict was filed by the

defeated party in each action. The motion in the action against the corporation was granted. Then when the motion in the action against James came on later to be heard the plaintiff asked for several rulings to the effect that the setting aside of one verdict required the setting aside of the other verdict. There was no error of law in denying these requests or in denying the plaintiff's motion. The granting or the denial of the motions rested in the sound discretion of the judge. There is nothing to show abuse of that discretion. There is nothing in this record as matter of law requiring that both cases be tried together until each reaches final judgment. *Simmons* v. *Fish*, 210 Mass. 563. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. *Ryan* v. *Hickey*, 240 Mass. 46. *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, 5.

*Exceptions overruled.*