ANNA WRIGHT *vs.* VAHAN APIKIAN.

Suffolk. January 8, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* New trial. *Constitutional Law,* Trial by jury.

An action by the owner of a building against a contractor for breach of a building contract was tried with an action by the contractor against the owner for a balance due under the contract for labor and materials. The jury found for the plaintiff in each action. The contractor filed a motion in each action for a new trial on the grounds that the verdict was against the evidence, against the weight of the evidence and against the law; and that the damages awarded were not in accordance with the evidence. In the action by the contractor, the judge made an order allowing the motion on each and all the grounds set forth and stating also, "As this case and the . . . [action by the owner] are so interrelated that both actions should properly be retried together, I am also allowing the . . . motion for a new trial in the . . . [action by the owner]." On the motion in the action by the owner, the judge endorsed, "Motion allowed. See memorandum and order in . . . [the action by the contractor]." The owner excepted to the allowance of the motion in the action by him. *Held,* that

(1) Since the ground upon which the judge purported to act in allowing the motion in the action by the owner was not set forth in that motion, and since it did not appear that he had found that any of the grounds set forth therein was sufficient cause for the allowance thereof and for the setting aside of the verdict, his disposition of that motion did not conform to the requirements of G. L. c. 231, §§ 127, 128;

(2) The verdict in the action by the owner was not set aside;

(3) The owner's exception must be sustained.

It *was stated* that the regulation of the granting of new trials contained in G. L. c. 231, §§ 127, 128, was a constitutional exercise of legislative power concerning the right of trial by jury.

CONTRACT. Writ dated October 27, 1928.

At the trial in the Superior Court before *Macleod,* J., the jury found for the plaintiff in the sum of $800.28. The de-

fendant's motion for a new trial and the circumstances of the allowance thereof are described in the opinion. The plaintiff alleged an exception to the order allowing the motion.

C. S. Walkup, Jr., (J. B. Sly with him,) for the plaintiff.

B. Ginsburg & S. J. Ginsburg, for the defendant, submitted a brief.

RUGG, C.J. This is an action of contract wherein the plaintiff seeks to recover compensation for breach by the defendant of the terms of a written agreement between the parties relative to the remodeling of an apartment house. This case was tried together with another case between the same parties wherein the present defendant sought to recover for a balance alleged to be due for work and materials furnished under the same written agreement, and for extras. A verdict was rendered for the plaintiff in each case. Apikian filed a motion for a new trial in each case.

The grounds for a new trial alleged in the motion in the present case were "1. That the verdict is against the evidence. 2. That the verdict is against the weight of the evidence. 3. That the verdict is against the law as well as the evidence. 4. The damages as assessed by the jury are excessive and unwarranted and grossly out of proportion to the fair and reasonable damages in accordance with the evidence of the case." The first three grounds alleged in the motion for a new trial in the other case were the same as in the case at bar, and the fourth was in these words: "That the damages awarded by the jury are grossly inadequate in accordance with the evidence." After hearing upon these motions, the judge indorsed upon the defendant's motion for a new trial in the present case "Motion allowed. See memorandum and order in Apekian v. Wright." The writing thus referred to in the other case was signed by the judge and was in these words: "This case was tried with the cross action of Wright v. Apikian, Suffolk Superior No. 217268. The verdict of the jury with respect to the amount of damages awarded in the instant case cannot be reconciled with the award of damages

in the cross action, consistently with the evidence, the weight of the evidence and the instructions of the court and must have been due to confusion or prejudice on the part of the jury. The plaintiff's motion for a new trial is therefore allowed upon each and all of the grounds set forth in said motion. As this case and the said cross action are so interrelated that both actions should properly be retried together, I am also allowing the defendant's motion for a new trial in the case of Wright *v.* Apikian." The plaintiff duly excepted to the allowance of the defendant's motion for a new trial.

The contention of the plaintiff in the case at bar is that the setting aside of the verdict was not made upon any one of the four grounds set out in the motion for a new trial, and that in substance and effect the only reason stated by the judge was that, because the verdict in the other case was set aside on one or more of the grounds alleged in the motion for a new trial in that case, the verdict in the case at bar ought also to be set aside. The motion for a new trial in the case at bar did not set out as one of the grounds that the case was so interrelated with the other case that if there was to be a new trial in that case justice to the parties required that there also be a new trial in the present case. It is required by G. L. c. 231, §§ 127, 128, that a "verdict shall not be set aside except on written motion by a party to the cause, stating the reasons relied upon in its support," and that whenever a new trial is granted the judge "shall file a statement setting forth fully the grounds upon which the motion is granted." This regulation is a constitutional exercise of legislative power concerning the right of trial by jury. It restricts the power of the judge existing at common law to set aside of his own motion a verdict for any cause deemed by him to be sufficient, and confines him to the causes set forth in the written motion for a new trial. If it be assumed that it was within the power of the judge to incorporate into his decision on the motion for a new trial in the case at bar the reasons set forth in his decision on the motion in the other case, there is nothing in that decision tending

to support the conclusion that he determined that any one of the grounds alleged in the motion in the case at bar was sound and sufficient reason for setting aside the verdict. It follows that the verdict in the case at bar has not been set aside. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422, 425, 426. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223. *McDonnell, petitioner*, 197 Mass. 252. *Tildsley* v. *Boston Elevated Railway*, 224 Mass. 117. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31. *Barnett* v. *Loud*, 243 Mass. 510, 514. *Coughlan* v. *McGarvey*, 267 Mass. 49. *Simmons* v. *Fish*, 210 Mass. 563, 572–573.

*Exceptions sustained.*