E. Hampton Decker & others *vs.* Berkshire Gas Company & another.

Berkshire.    May 7, 1971. — June 30, 1971.

Present: Tauro, C.J., Cutter, Reardon, & Braucher, JJ.

*Practice, Civil,* Exceptions: filing of bill. *Negligence,* Motor vehicle.

Under G. L. c. 231, § 113, and Rule 73 of the Superior Court (1954), a bill of exceptions to the allowance, duly excepted to, of a motion for a new trial of an action, filed more than twenty days after such allowance and not within any extension of time for its filing, was rightly dismissed, although the bill was filed within twenty days after the verdict at the second trial. [79]

Evidence in an action of the circumstances in which an automobile of the defendant was brought to a complete stop on the right side of the eastbound lane of a highway at the crest of a hill, and a truck travelling in the same direction a short distance behind the automobile swerved to the left and collided at the crest with the front of an automobile proceeding in the opposite direction in the westbound lane, warranted a finding of negligence on the part of the defendant. [80]

Tort.    Writ in the Superior Court dated May 6, 1965.

The first trial of the action was before *Macaulay,* J., and the second trial was before *Quirico,* J.

*Philip H. Grandchamp* for the plaintiffs.

*Ronald E. Oliveira* for the defendants.

Tauro, C.J.    We are here concerned with the defendants' exceptions to the judge's dismissal of their bill of exceptions (first trial), refusal to direct verdicts for the defendants (second trial), and instructions to the jury (second trial).

The plaintiffs brought an action of tort arising out of a motor vehicle accident against the Berkshire Gas Company and its employee, Albert J. Tessier.    On June 1, 1967, jury verdicts were returned for the plaintiffs.    Thereafter, the plaintiffs filed a motion for a new trial.    The motion was allowed on September 6, *1967.*    On September 7, 1967,

the defendants filed an exception to the allowance of the plaintiffs' motion.

The action was again tried before a jury in October, *1968,* before another judge and verdicts were returned for the plaintiffs. On October 17, *1968,* thirteen days after the verdict in the second trial, the defendants filed a bill of exceptions pertaining to the motion for a new trial allowed more than a year before.

After a hearing on October 6, 1969, before the judge who presided at the first trial the plaintiffs' motion to dismiss the defendants' bill of exceptions was allowed on the ground that it was not filed within twenty days after allowance of the motion for a new trial. G. L. c. 231, § 113; Rule 73 of the Superior Court (1954). See *Brooks* v. *Shaw,* 197 Mass. 376; *Anti* v. *Boston Elev. Ry.* 247 Mass. 1. The defendants duly excepted.

1. General Laws c. 231, § 113, and Rule 73 of the Superior Court (1954), required their bill of exceptions to be filed within twenty days after the allowance of the motion for new trial. A motion for a new trial is an interlocutory matter. *Anti* v. *Boston Elev. Ry.* 247 Mass. 1, 3. "Where exceptions are taken to interlocutory orders, the only course open, conformable to the statute and rule, is for the aggrieved party to file his bill of exceptions and have it allowed by the justice of whose act he complains. When the case is ripe for final judgment, or is in a condition to be finally disposed of in the Superior Court if the exceptions are overruled, then all bills of exception allowed both as to interlocutory and final matters are to be entered in the full court." *Brooks* v. *Shaw,* 197 Mass. 376, 378–379. See *Barnett* v. *Loud,* 243 Mass. 510, 513; *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128, 130. We conclude that the judge was correct in dismissing the defendants' bill of exceptions as not having been filed within the statutory period of twenty days, or any extensions thereof, after the allowance of the motion for a new trial. *Thorndike, petitioner,* 257 Mass. 409, 412. *Emmons* v. *Alvord,* 177 Mass. 466, 472–473.

2. The defendants contend that the judge at the second trial erred in denying their motion for directed verdicts. We do not agree. The evidence viewed in the light most favorable to the plaintiffs presented a jury question as to the negligence of the defendants.

The jury could have found the following facts: A motor vehicle owned by the Berkshire Gas Company and operated by Tessier during daylight was traveling in an easterly direction on a public highway about twenty-nine feet in width. A truck driven by one Winn was behind it travelling in the same direction. Both vehicles were moving at a speed of about twenty-five miles an hour with a distance of approximately twenty-five to thirty feet between them. Winn momentarily took his eyes off the road and looked to his right at several college students. At approximately the same time, Tessier observed another gas company vehicle operated by his manager approaching from the opposite direction and remembered that he had not made an assigned call at his manager's home that day. Tessier then applied his brakes, making a complete stop in approximately thirty-five feet on the right side of the eastbound lane and at the crest of a hill. When Winn first observed the stopped gas company vehicle, he swerved to the left and collided with the front of the Decker vehicle which was coming from the opposite direction in the westbound lane at the crest of the hill.

A jury question was presented by this evidence as to whether Tessier was negligent in stopping as he did with the Winn vehicle a short distance behind him. See *White* v. *Calcutt,* 269 Mass. 252; *Beach* v. *Minkley,* 302 Mass. 228; *Quimby* v. *Eastern Mass. St. Ry.* 333 Mass. 41. Although the evidence as to the defendants' negligence is meager and the question is a close one, we conclude that there was no error in the judge's refusal to direct verdicts. We find no error in the trial judge's instruction to the jury on the law of sudden emergency. *Donovan* v. *Mutrie,* 265 Mass. 472, 476. *Jennings* v. *Bragdon,* 289 Mass. 595, 597.

*Exceptions overruled.*