ADDIE E. HALLETT *vs.* JORDAN MARSH COMPANY.
HENRY W. HALLETT *vs.* SAME.

Bristol.   October 24, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* New trial.   *New Trial.*

A motion for a new trial is addressed to the sound judicial discretion of the trial court, and it is only in exceedingly rare instances that conditions arise where it can be said that there has been an abuse of that discretion.   Per RUGG, C. J.

A question of law, which might have been raised and saved by an exception by the plaintiff at the trial of an action upon the merits, cannot as a matter of

right be relied upon as a basis for a motion for a new trial after a verdict for the defendant.

At the trial of an action by a woman for personal injuries, the defendant introduced evidence tending to show that the plaintiff had received other personal injuries previous to the alleged injury for which she was seeking recovery in the action being tried. In rebuttal, the plaintiff offered evidence tending to disprove such evidence of the defendant. The trial judge made a ruling limiting the number of witnesses that might be offered for that purpose. No exception was taken by the plaintiff to that ruling. There was a verdict for the defendant. The plaintiff moved for a new trial, seeking rulings that, owing to the facts above recited, there had been an unfair trial, and that the exercise by the court of its sound discretion required that the verdicts for the defendant should be set aside and a new trial granted. The rulings were refused and the motion was denied. *Held,* that

(1) There was nothing in the record indicating an unfair trial;

(2) There was nothing in the record indicating an abuse of judicial discretion in denying the motion for a new trial.

Two ACTIONS OF TORT, the first action being for personal injuries alleged to have been received in a passenger elevator operated by the defendant in its store in Boston and to have been caused by negligence of the defendant's servants or agents, and the second action being by the husband of the plaintiff in the first action for consequential damages. Writs dated July 14, 1917.

The actions were tried together in the Superior Court before *Flynn,* J. At the opening of the defendant's case, it was stated that the plaintiff in the first action for a period of some years preceding the injury complained of had been lame or a sufferer from injuries other than those for which she sought compensation in the action then on trial; and evidence was produced by the defendant to support that contention. In rebuttal, the plaintiff called her husband, her daughter, the nurse and the physician who had attended her since the date of the accident in the case at bar. Objections were made to testimony of these witnesses in contradiction of witnesses produced by the defendant, and the objections at first were sustained. After some consideration the trial judge ruled that five witnesses might be examined on this line of inquiry. In rebuttal the husband, the daughter, the nurse and the physician then were called for contradiction of other points in the defendant's testimony and of the testimony given by the five witnesses produced by the defendant, and two other witnesses who had not previously testified, were allowed to the plaintiff, and no more. Other witnesses who had not pre-

viously testified were present in behalf of the plaintiff, to be used in contradiction of the specific matters testified to by the witnesses for the defendant, and the trial judge denied the plaintiff's right to introduce further testimony, though it was argued in behalf of the plaintiff that the defendant's opening, combined with the specific testimony of the witnesses, produced a situation in which the discretion of the court could only be exercised fairly by allowing the plaintiff full scope for the contradiction of the testimony introduced through the defendant's witnesses. The plaintiffs did not except to these rulings.

There were verdicts for the defendant. The plaintiffs filed motions for a new trial based upon the grounds described in the opinion. At the hearing of the motions, the plaintiffs asked for rulings of law that, owing to the facts above recited, there had been an unfair trial and that the exercise by the court of its sound discretion required that the verdicts for the defendant should be set aside and a new trial granted. The requests for rulings were refused, the motions were denied; and the plaintiffs alleged exceptions.

*E. C. Upton,* for the plaintiffs.

*H. F. Hathaway,* (*J. E. Hannigan* with him,) for the defendant.

RUGG, C. J. These exceptions relate solely to a motion for a new trial. The grounds alleged are (1) that the verdict was against the evidence, (2) that the verdict was against the weight of the evidence, (3) that the verdict, being based on a finding of joint negligence, was on the evidence against the law, and (4) that the plaintiffs, owing to lack of opportunity fully to present evidence in rebuttal refuting evidence unfairly introduced by the defendant affecting the credibility of the female plaintiff respecting vital issues in the case, was deprived of a fair trial.

It is the general rule that motions for new trial are addressed to the sound judicial discretion of the court. It is only in exceedingly rare instances that conditions arise where it can be said that there has been an abuse of that discretion. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173.

The chief ground of complaint by the plaintiffs relates to a ruling of the judge limiting the plaintiffs to five witnesses in rebuttal upon a point materially affecting the verdict. No exception, however, was taken to that ruling. A question of law which might have been saved at the trial on the merits cannot be raised

as matter of right at a motion for a new trial. The judge in denying the motion for a new trial expressed the opinion that the plaintiffs had a full and fair trial. He stated that the plaintiffs tacitly, if not expressly, assented to the limitation of witnesses in rebuttal. If objection then had been made or exception saved, a different situation might have arisen and the conduct of the trial judge might have been modified.

There is no fact in this record which shows that there was an unfair trial. There is nothing which indicates an abuse of judicial discretion. The case is covered by the decision in *Ryan* v. *Hickey, ante*, 46. The principles illustrated by that decision and in the numerous authorities there collected are decisive against the present plaintiffs. They are thoroughly well settled. It would serve no useful purpose to review at greater length the facts here involved. They do not warrant the establishment of any exception to the general rule.

*Exceptions overruled.*