COMMONWEALTH *vs.* SIMON GOLDSMITH.

Suffolk.    March 14, 18, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Uttering Forged Stock Certificate.    Practice, Civil,* Variance, Waiver.

At the trial of an indictment charging the defendant with uttering " a certain forged instrument purporting to be a stock certificate," there was evidence tending to show that the stock in question had belonged to the defendant's mother, who had died in 1916; that it was not given nor transferred to him during her lifetime; that he admitted writing her name on the back of the certificate, although he said that this was done in 1910 and that his own name as witness was not placed thereon until 1917.   He sold the stock as his own in 1917.   Testimony by experts tended to show that the two signatures were written by a man but with an apparent attempt to make it appear that one was written by a woman. At the close of the evidence, the defendant moved that a verdict of not guilty be directed " on the ground that there is not sufficient evidence to warrant a verdict of guilty."   The defendant was found guilty and filed a motion for a new trial on the grounds (1) that the verdict was against the evidence, (2) that it was against the weight of the evidence, and (3) that it was against the law.   At a hearing of the motion, the defendant waived his first and second assignments of causes and argued that there was a variance between the indictment and the proof, the indictment charging the uttering of a forged stock certificate and the evidence relating to an assignment and transfer.   The record before this court on exceptions stated that this contention was brought to the attention of the trial court at the argument of the motion for the first time " except so far as it can be said that it was brought to the court's attention by the presenting of the motion for a directed verdict."   The motion for a new trial was denied.   *Held,* that

(1) A verdict of guilty was warranted and the motion for a verdict of not guilty properly was denied;

(2) The language of the motion for a directed verdict showed that it was based upon the alleged insufficiency of the evidence and did not raise and was not intended to raise the issue of variance;

(3) The defendant for the first time on exceptions in this court could not import the question of variance into the motion for a directed verdict;

(4) The contention of variance could not be raised as a matter of right on the motion for a new trial;

(5) There was no error in the overruling of the motion for a new trial;

(6) Exceptions to the refusal to grant certain requests by the defendant for rulings were overruled, it appearing that the subject matter was covered by the charge and in terms sufficiently favorable to the defendant.

INDICTMENT, found and returned on May 10, 1922, charging the defendant with uttering and publishing "as true a certain forged instrument purporting to be a stock certificate, well knowing the same to be forged."

In the Superior Court, the defendant was tried before *Keating*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved in writing "that the jury be directed to return a verdict of not guilty on the ground that there is not sufficient evidence to warrant a verdict of guilty." The motion was denied.

The defendant asked for the following rulings:

"3. If the jury shall find that at the time when the defendant uttered the certificate he was the owner of it in the sense that he was then owner of the entire beneficial interest in it and in the shares of stock evidenced by it, even though the stock stood on the book of the corporation in the name of Henrietta Goldsmith, the evidence would not be sufficient to satisfy the jury beyond a reasonable doubt that the defendant uttered the certificate with intent to defraud and the verdict must be not guilty.

"4. Even if the jury shall find that at the time when the defendant uttered the certificate he was not the owner of it in the sense above stated, but shall also find that the defendant then honestly believed that he was the owner of the certificate in that sense, the evidence would not be sufficient to satisfy the jury beyond a reasonable doubt that the defendant uttered the certificate with intent to defraud and the verdict must be not guilty.

"5. Even if the jury should find that at the time when the defendant uttered the certificate he was not the owner of it in the sense above stated, and should further find that he did not then honestly believe that he was the owner of it in that sense, still, if the jury shall also find that the defendant wrote the name Henrietta Goldsmith on the certificate with the consent and authority of Henrietta Gold-

smith and shall further find that at the time when the defendant uttered the certificate he honestly believed that he was authorized by Henrietta Goldsmith to sell the certificate and honestly believed that because of such authority it was not unlawful for him to sell it, then the evidence would not be sufficient to satisfy the jury beyond a reasonable doubt that the defendant uttered the certificate with intent to defraud and the verdict must be not guilty."

The defendant was found guilty and moved that the verdict be set aside and a new trial ordered on the grounds (1) that the verdict was against the evidence, (2) that the verdict was against the weight of the evidence, and (3) that the verdict was against the law. At the hearing of this motion, the defendant waived his first and second assignments of causes and stated that he relied on the ground " that the verdict was against the law," and then for the first time, " except so far as it can be said that it was brought to the court's attention by the presenting of the motion for a directed verdict by the defendant," contended that there was a variance between the indictment and the proof. The motion for the new trial was denied. The defendant alleged exceptions.

*F. P. Garland,* (*S. Sigilman* with him,) for the defendant.

*M. Caro,* Assistant District Attorney, for the Commonwealth, submitted a brief.

DeCourcy, J. The indictment charged the defendant with uttering " a certain forged instrument purporting to be a stock certificate." In response to his motion for a statement of the " tenor of the instrument . . . purporting to be a stock certificate, . . . What proper name or names, if any, . . . were forged . . ." and other particulars, the Commonwealth set out a certificate for twenty-four shares in the capital stock of the Adrian Water Company, with the usual assignment on the back; and specified " 3. The signature claimed to be a forgery is that of Henrietta Goldsmith appearing on the reverse side of the certificate and purporting to be the execution by Henrietta Goldsmith of the transfer or assignment of the shares of stock represented by said certificate." At the close of the evidence, the de-

fendant moved for a directed verdict " on the ground that there is not sufficient evidence to warrant a verdict of guilty." His main exception is to the judge's refusal to grant this motion.

Considering the motion as one addressed to the merits, which it purports to be, there was no error in denying it. The stock of the Adrian Water Company belonged to the defendant's mother, Henrietta Goldsmith; and there was evidence that it was not given or transferred to him during her lifetime. He admitted writing her name on the back; although he said this was done in 1910, and that his own name as witness was not placed thereon until 1917. She died in 1916. He sold the stock as his own in 1917. In the opinion of the expert, the two signatures were written by a man, but with an apparent attempt to make it appear that one was written by a woman. Further analysis of the testimony seems unnecessary in view of the fact that, at the hearing of the motion for a new trial, the defendant waived his first and second assignments of causes, namely that the verdict was against the evidence, and against the weight of the evidence.

It is now urged that the motion for a directed verdict should have been granted on the ground of a variance; the indictment charging the uttering of a forged stock certificate, and the proof relating to an assignment and transfer. If that issue had been raised at the trial, it might be necessary to determine whether the single sheet of paper, embodying in the usual form a statement of ownership on one side and a transfer form on the reverse, is not a " stock certificate " within the meaning of G. L. c. 267, § 1; or whether the variance at most would not be harmless under our statutes. See G. L. c. 277, §§ 22, 34, 35. But it is apparent from the record that no alleged variance was claimed at the trial. After the filing of the motion and particulars above described, the specific certificate, with transfer on one side, was put in evidence. Throughout the trial the entire instrument was referred to by counsel as the " certificate; " the only forgery involved was that of " Henrietta Goldsmith," on the reverse side thereof; the rulings requested by the defendant specifi-

cally referred to this name as written " on the certificate; " and throughout the charge (to which no exception was taken) the judge referred to the alleged forgery as that of " this certificate." The language of the motion for a directed verdict shows that it was based upon the alleged insufficiency of the evidence. It did not raise, and apparently was not intended to raise, the issue of variance. The defendant cannot now for the first time import the question of variance into the motion. *Gillard's Case*, 244 Mass. 47, 55, 56. *Commonwealth* v. *Williams*, 244 Mass. 515, 521. The claim of variance was made for the first time at the hearing on the motion for a new trial. It could not then be raised as matter of right. *Commonwealth* v. *Morrison*, 134 Mass. 189. *Commonwealth* v. *Borasky*, 214 Mass. 313, 321. *Hallet* v. *Jordan Marsh Co.* 240 Mass. 110.

There was no reversible error in the refusal to give the third, fourth and fifth requests. The subject matter thereof, so far as applicable to the facts in evidence, was covered by the charge and in terms sufficiently favorable to the defendant.

*Exceptions overruled.*