ELIZABETH A. LONERGAN, administratrix, *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

MARGARET A. HARTNETT *vs.* SAME.

Suffolk.    March 24, 25, 1924. — September 19, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & WAIT, JJ.

*Negligence*, Motor vehicle, In use of highway, Res ipsa loquitur.  *Evidence*, Presumptions and burden of proof.  *Pleading, Civil*, Failure to assert defence seasonably.  *Practice, Civil*, Parties, Requests, rulings and instructions, Charge to jury, New trial, Report, Waiver of defence by failure to assert it seasonably.  *Waiver.  Director General of Railroads. Jurisdiction.*

At the trial of an action by an administrator against an express company for causing conscious suffering and death of the intestate, resulting from her being struck by a motor truck while a traveller upon a sidewalk in a city, there was evidence tending to show that the operator of the truck, the defendant's employee, was driving it without chains at the rate of from six to eight miles an hour over a street slippery with ice, when it " took a sudden jerk and dive for the sidewalk "; that chains would have helped some on the ice and that it was his habit in icy weather to put on chains; that he tried to right the car but it did not respond, so he applied the brakes; that there were two good foot brakes, both of which he applied; that the street was about forty-five feet wide and the sidewalk was nine feet and two inches wide; that under ordinary circumstances the truck could have been stopped within ten feet; that he was driving the truck with its left wheels in the car tracks, which were in the centre of the street, and that the right wheels were " between the inner rail and the curbstone "; that something gave way in the steering gear and the truck suddenly turned to the right, went over whatever obstruction was made by the curbstone, struck a building and broke glass in a store window; and that the inability to control the steering gear resulted from the loss of a nut which held a portion of it in place.  There was a conflict in the evidence as to the precise cause of

the loss of this nut and of the breakdown of the operative power of the steering gear, but there was evidence tending to show that adequate inspection of the truck by the defendant would have disclosed the source of danger and prevented the injury and death. *Held*, that

(1) There was evidence warranting the submission to the jury of the question whether the operator of the truck was negligent;

(2) There was evidence warranting the submission to the jury of the question, whether failure of inspection on the part of the defendant was negligence which was a cause of the injury and death.

At the trial of the action above described, the judge charged the jury fully on the question of negligence of the driver in the operation of the truck and of the defendant's employees in its inspection and repair, and in the course of his charge stated that the fact that the truck was on the sidewalk might be taken " as evidence that it was run negligently." The defendant excepted to the last statement. *Held*, that, while it is settled that the mere occurrence of an accident or collision on-a public way is not evidence of negligence, the instruction excepted to must be taken in connection with the charge as a whole and with all the circumstances which the jury might have found to exist, and that therefore on the record it could not be pronounced erroneous.

In the action above described, it was proper to refuse to charge the jury in terms that there was no evidence that " the motor vehicle was defective prior to the time of the happening of the accident."

A corporation by appearing generally and pleading to the merits of an action against it admits the descriptive allegations of the writ respecting it.

After a verdict for the plaintiff in an action against the American Railway Express Company, described in the writ as organized and existing under the laws of the State of Delaware, where the cause of action was for causing death and arose on December 25, 1919, and the writ was dated February 6, 1920, the defendant filed a motion for a new trial on the grounds that the verdict was against the law, was against the evidence, was against the weight of the evidence, and was excessive in the amount of damages. At the argument of the motion, the defendant for the first time, by various requests for rulings, raised the question whether it could be held liable, since the recovery sought was for a penalty and not for compensation and the defendant at the time of the wrongs complained of was under the control of the federal government by virtue of statutes, proclamations by the President and general orders of the Director General of Railroads then in force. The record before this court stated that the judge " did not give the rulings requested and denied " the motion for a new trial. The judge then reported his rulings to this court, stating that, if the order denying the motion was erroneous as matter of law " on the ground that the recovery was for death permitted by the Massachusetts statute as a penalty of such character that it could not be enforced against the " defendant consistently with the law applicable thereto, including the Acts of Congress, proclamations by the President, and general orders of the Director General of Railroads, " and that said ground should have been regarded as properly and seasonably raised and presented, the verdict " was to be set aside. *Held*, that

(1) As a matter of construction, the words used by the trial judge in his report meant that the main question of recovery for death was to be considered by this court only in the event that as a matter of law that question was seasonably presented in the trial court;

(2) The rule of practice in this Commonwealth that, while a trial judge in his discretion may permit the presentation before him on a motion for a new trial of a question of law which might have been but was not raised before the verdict, a party cannot on such a motion raise such a question as a matter of right, applies in the circumstances above described;

(3) Questions as to the primary liability of the defendant and the extent and nature of the possession of its business by the federal government could and ought to have been presented at the trial on the merits;

(4) The determination of the time and manner of the presenting of questions as to the primary liability of the defendant in an action in a State court against an express company for a cause arising in 1919, and of the extent and nature of the possession of its business by the federal government, is to be governed by the practice of the State court;

(5) The record showed that the trial judge did not exercise his discretion to consider and determine the questions of law raised for the first time on the motion for a new trial;

(6) The denial of the motion for a new trial imported the exercise of every discretionary power adversely to the granting of the motion;

(7) There was no abuse of discretion in the denying of the motion for a new trial.

The report of the trial judge above described further stated, " No question is raised but that, subject to the question above reported relative to the death counts . . . [the action was] properly brought and prosecuted against the American Railway Express Company." *Held*, that

(1) While, if the defendant was under federal control at the time the cause of action declared on arose, to the same extent as were railroad and telegraph companies, the action should have been brought against the Director General of Railroads and not against the express company and the defendant might have been exonerated from liability if it seasonably had pleaded and proved such facts, that principle did not prevent the corporation from appearing generally and defending the cause of action on its merits in its own name;

(2) Such conduct was not an attempt to waive a want of jurisdiction but was a waiver of a defence, and the defendant therefore had no right to set up such a defence at a later stage of the trial;

(3) The Superior Court had jurisdiction both over the defendant and over the cause of action, which was not affected by any of the grounds alleged in the motion for a new trial;

(4) The questions raised by the defendant's requests for rulings should have been raised at the trial and could not as of right be raised for the first time on the motion for a new trial;

(5) There was no defect of jurisdiction in the Superior Court to consider and adjudicate the questions raised on the pleadings;

(6) There was no error of law in the way in which the Superior Court dealt with the question reported touching the motion for a new trial.

Two ACTIONS OF TORT, the first for personal injuries suffered by the plaintiff's intestate and the causing of her death, and the second action for personal injuries. Writs dated February 6, 1920.

In the Superior Court, the actions were tried together before *Raymond*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

" 1.   There is no evidence of negligence on the part of the driver of the defendant's truck."

" 9.   In this case there is no evidence that the motor vehicle was defective prior to the time of the happening of the accident.

" 10. The owner of a motor vehicle is not liable for the breaking down of mechanical parts suddenly and without warning.

" 11. The owner of a motor vehicle is not liable for the separation of parts of the running gear or steering gear unless he has previous knowledge of its defective condition or unless there were circumstances indicating a defective condition and requiring the owner to ascertain what such condition was.

" 12. The owner of a motor vehicle is not liable for the breaking down of the same by reason of defects in the parts of the same which were unknown to him or could not be discovered by reasonable inspection."

The rulings were refused in the form in which they were asked, but at the close of the charge the judge gave additional instructions as follows:

" The owner of a motor vehicle is not liable for the separation of parts of the running gear or steering gear unless he has previous knowledge of its defective condition or unless there were circumstances indicating a defective condition requiring the owner to ascertain what such condition was.

" That raises the question of the duty of inspection to see, and if inspection indicates anything that is out of the way then following it up so as to keep it reasonably safe.

" The owner of a motor vehicle is not liable for the breaking down of the same by reason of defects in the parts of the

same which were unknown to him or could not be discovered by reasonable inspection. I think I have given all that in my former remarks. There were those two branches of duty which the defendant owed and your question is whether he performed his duty in those regards. If he did then he is not liable. If he did not and the accident happened as a result of it then he is liable or it is liable."

There were verdicts for the plaintiffs as follows: In the first action a verdict of $6,100 for the causing of the death of the plaintiff's intestate, and, for conscious suffering, a verdict of $12,000, of which, by order of the court, the plaintiff remitted $7,000. In the second action, there was a verdict of $2,500 for the plaintiff.

The defendant filed motions for a new trial, which, with the action of the judge thereon, are described in the opinion. The judge reported his rulings at the trial and on the hearing of the motions for a new trial to this court for determination.

*A. M. Pinkham,* (*L. C. Sprague* with him,) for the defendant.

*E. H. McDermott & J. G. Palfrey,* for the plaintiffs.

RUGG, C.J. These are actions of tort. The writ in each case is dated February 6, 1920. The first action is brought to recover damages both for the death and for the conscious suffering of the plaintiff's intestate, a minor child, who is alleged to have been injured by the negligence of the defendant and to have died after conscious suffering. The second action is to recover for personal injuries sustained by that plaintiff through the alleged negligence of the defendant. The cause of action in each case arose on December 25, 1919, out of the operation of an electric automobile truck by a servant of the defendant in the course of his employment in the transaction of its business on a public way. It is conceded that the persons injured were in the exercise of due care. They were walking upon the sidewalk of a public way when an electric automobile truck in charge of a chauffeur of the defendant struck and injured them.

There was evidence of negligence on the part of the chauffeur, which required the submission of that question to the jury. There was testimony tending to show that while he

was driving the truck without chains at a rate of speed of from six to eight miles an hour over a street slippery with ice, it " took a sudden jerk and dive for the sidewalk "; that " there was ice at the place of the accident; . . . that if he had had chains it would have helped some on the ice "; that it was his habit in icy weather to put on chains; " that he tried to right the car, but it did not respond, so he applied his brakes "; that there were two good foot brakes; " that he applied both brakes, and the car skidded over the sidewalk "; that he did not put the brakes on until he had attempted to right the wheels by turning to the left; that the street was about forty-five feet wide and the sidewalk nine feet and two inches wide, and that under ordinary circumstances he could stop the truck going at that rate of speed in ten feet; that he was driving the truck with the left wheels in the car tracks, which were in the centre of the street, and " the right wheels between the inner rail and the curbstone "; that when he was opposite " the doorway of the Osgood store, something gave way in the steering gear, and the truck suddenly turned to the right," went over whatever obstruction was caused by the curbstone, struck the building, and broke the glass in the store window.   There was evidence that on the day before there had been rain and snow.   There was also opinion evidence that the chauffeur under the circumstances shown could have stopped the truck within ten feet.

The question is somewhat close.   But whether the chauffeur ought to have put chains on the truck, and to have applied his brakes quicker and more effectively, presented questions of fact for the jury.   The skidding of the truck, standing alone, was no evidence of negligence.   *Williams* v. *Holbrook*, 216 Mass. 239.   *Kelleher* v. *Newburyport*, 227 Mass. 462.   The jury were so instructed.   The other circumstances may have been found to constitute negligence.

The evidence showed and there appears to have been no dispute that the inability to control the steering gear resulted from the loss of a nut which held a portion of it in place. There was some conflict in the evidence as to the precise cause of this loss of nut and breakdown of the operative power

of the steering gear. Without going over the evidence in detail, it is enough to say that, taking into account all the circumstances relative to the truck and its use, it could not have been ruled as matter of law that there was not some evidence tending to show that adequate inspection of the truck by the defendant would have disclosed the source of danger and prevented the injuries.

There was exception to the instruction to the jury that the fact that the truck was on the sidewalk might be taken " as evidence that it was run negligently." It is settled that the mere occurrence of an accident or collision on a public way is not evidence of negligence. The doctrine of *res ipsa loquitur* does not apply. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, and cases there collected. The instruction in the case at bar must be taken in connection with the charge as a whole and with all the circumstances which the jury might have found to exist. Full instructions had been given as to the negligence of the chauffeur in the operation of the truck and of the servants in the inspection and repair of the truck. There was evidence as to the conditions attendant upon the truck being upon the sidewalk. That is an unusual place for such a vehicle to be when there has been no collision or effort to avoid a collision with another vehicle, some obstacle, or person. In such circumstances the instruction cannot be pronounced erroneous. *St. Louis* v. *Bay State Street Railway*, 216 Mass. 255, 257. *Forzley* v. *Bianchi*, 240 Mass. 36. *Eshenwald* v. *Suffolk Brewing Co.* 241 Mass. 166.

There was no error in dealing with the defendant's ninth request for instructions. To charge that there was no evidence that " the motor vehicle was defective prior to the time of the happening of the accident " would have excluded from consideration the fact of the separation or coming apart of the mechanism for steering, which might under all the circumstances have been found evidence of a defective condition. *Ryan* v. *Fall River Iron Works*, 200 Mass. 188, 191. *Hull* v. *Berkshire Street Railway*, 217 Mass. 361, 363.

The other requests were modified rightly. Examination of the entire record discloses no prejudicial error at the trial.

Certain questions of law remain to be considered in connection with motions for a new trial.

The defendant in each case is described in the writ as " American Railway Express Company, a corporation duly organized and existing under the laws of the State of Delaware." The defendant appeared generally and pleaded to the merits of the cause set forth in the declarations. Thereby the descriptive allegations of the writ respecting the defendant were admitted. G. L. c. 231, § 30. The trial proceeded before the jury in the Superior Court wholly upon the issues of general liability thus raised by the pleadings. In the first case verdict was returned in favor of the plaintiff in stated amounts both for the conscious suffering and for the death of her intestate. In the second case verdict was rendered in favor of the plaintiff. Thereafter the defendant filed a motion for a new trial in each case upon identical grounds, namely, that the verdict was (1) against the law, (2) against the evidence, (3) against the weight of the evidence and (4) excessive in the amount of damages. These motions were argued first in June, 1921, and were reargued in May, 1922. At the latter argument the defendant raised for the first time, so far as appears, the question of its liability for the death of the plaintiff's intestate in the first case, on the ground that the American Railway Express Company was, at the time of the wrongs complained of, under the control of the federal government by virtue of acts of Congress, proclamations of the President, and general orders of the Director General of Railroads, (39 U. S. Sts. at Large, 619, 645. 40 U. S. Sts. at Large, 1733, 451, 456. 41 U. S. Sts. at Large, 456, 461), and that, the recovery thus sought being for a penalty or fine and not for compensation, there could be no recovery under General Order 50A of the Director General of Railroads to the effect that actions could not be brought against him " for the recovery of fines, penalties and forfeitures." Several requests for rulings were presented raising this question. The record states that the judge " did not give the rulings requested and denied the motions for new trial in both cases," except as to reduction of damages

for conscious suffering in the Lonergan case, as to which now no point arises. He then made a report of his ruling denying the motion for new trial in the Lonergan case in these words: " If my order denying the motion . . . for a new trial in the Lonergan case was erroneous as matter of law on the ground that the recovery for death permitted by the Massachusetts statute is a penalty of such character that it could not be enforced against the American Railway Express Company consistently with the law applicable thereto, including the acts of Congress, proclamations of the President, and general orders of the Director General of Railroads, and that said ground should have been regarded as properly and seasonably raised and presented, the verdict on the death counts is to be set aside . . . . "

As matter of construction, these words mean that the main question of recovery for death in the Lonergan case is to be considered by this court only in the event that as matter of law that question was seasonably presented in the trial court.

It is the long established and frequently applied rule of practice in this Commonwealth that a party cannot as matter of right raise a question of law on a motion to set aside the verdict and grant a new trial, which might have been raised before verdict. While a judge may in his discretion permit such a question to be presented on a motion for a new trial, he cannot be required to consider it. It is discretionary with him whether to consider it or not, having regard to all the requirements of justice. *Loveland* v. *Rand,* 200 Mass. 142, 144. *Ryan* v. *Hickey,* 240 Mass. 46. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24. Numerous authorities are collected in each of these judgments. *Commonwealth* v. *Goldsmith,* 249 Mass. 159. Manifestly this principle applies to the case at bar. All questions as to the primary liability of the defendant and the extent and nature of the possession of its business by the Federal Government could and ought to have been presented at the trial on the merits.

This is a matter which we understand is to be governed by the practice of the State courts. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 111.

This precise question has not been presented in the federal courts so far as we are aware, but the implication of several decisions is that the questions, whether the carrier remains liable or the Director General of Railroads is liable must be seasonably raised in order to be considered. *Missouri Pacific Railroad* v. *Ault,* 256 U. S. 554, 556. *Davis* v. *L. N. Dantzler Lumber Co.* 261 U. S. 280, 288.

The judge did not exercise his discretion to consider and determine the questions of law thus raised for the first time on that motion for new trial. He did not deny or even pass upon the defendant's requests for rulings. He simply did not give those requests. He could not be required to pass upon such requests provided they presented questions of law which might have been raised at the trial on the merits. He denied the motion for a new trial. That denial imports the exercise of every discretionary power adversely to the granting of the motion.

The argument of the defendant in substance is that, if the action for death had been brought against the Director General of Railroads, and if the further question of his liability for death under our statutes had been properly raised, a verdict ought to have been directed in his favor. That argument is posited on the assumption of two facts, neither of which exists.

The denial of a motion for new trial commonly rests in sound judicial discretion and presents no question of law. *Hallett* v. *Jordan Marsh Co.* 240 Mass. 110. *Shour* v. *Henin,* 240 Mass. 240. *Barnett* v. *Loud,* 243 Mass. 510.

Plainly there was no abuse of discretion in denying the motions for a new trial. Even if the judge had thought there would have been merit in the point now argued, if it had been seasonably raised, there may have been ample reason to warrant a denial of the motions. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496, 497. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 32, 33.

It further is stated in the report that " No question is raised but that, subject to the question above reported relative to the death counts in the Lonergan case, both actions

were properly brought and prosecuted against the American Railway Express Company." If the defendant was under federal control at the time the cause of action here declared on arose, to the same extent as were the railroads and telegraph companies, then the action should have been brought against the Director General of Railroads and not against the express company. The defendant might have exonerated itself from all liability in both actions if it had seasonably pleaded and proved such facts. *Nominsky* v. *New York, New Haven & Hartford Railroad,* 239 Mass. 254. *Missouri Pacific Railroad* v. *Ault,* 256 U. S. 554. *Ætna Mills* v. *Director General of Railroads,* 242 Mass. 255, 256. *Western Union Telegraph Co.* v. *Poston,* 256 U. S. 662.

That principle, however, does not prevent the corporation from appearing generally and defending the cause of action on its merits in its own name. Such conduct is not an attempt to waive a want of jurisdiction in the court, but is a waiver of a defence. There is nothing to prevent a party defendant from waiving a defence. Such waiver by conduct at the time when it ought to have been pressed does not enable a defendant as of right to set up such defence at a later stage, no matter how perfect that defence might have been if it had been seasonably put forward.

So far as the point now urged affects the jurisdiction of the court, it cannot be waived in part and enforced in part. Questions as to the jurisdiction of the court may be raised at any time. Such questions ought to be considered by the court of its own motion even though not urged by the parties. *Eaton* v. *Eaton,* 233 Mass. 351, 364. *Morse* v. *O'Hara,* 247 Mass. 183. *Commonwealth* v. *Andler,* 247 Mass. 580. *Exporters of Manufacturers' Products, Inc.* v. *Butterworth-Judson Co.* 258 U. S. 365. G. L. c. 231, § 136. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462. The Superior Court in the case at bar had jurisdiction over the defendant. It appeared and answered generally. The Superior Court would have had jurisdiction over the Director General of Railroads if he had properly been made a party. It also had jurisdiction over the cause of action, whether the alleged wrong was committed by the

defendant or by the Director General of Railroads.  *Genga* v. *Director General*, 243 Mass. 101, 104.  The jurisdiction of the Superior Court was complete.  It was not affected by any of the grounds alleged in the motion for a new trial. That motion presented the ordinary question, whether at the trial on all the facts, in the light of correct principles of law, the verdict ought to have been directed in a particular way.  That is not a question of the jurisdiction of the court. It is simply a question whether a mistake of law was made during the trial.  Such a question as that ought to have been raised by requests for rulings at the trial.  It cannot be raised for the first time as of right on a motion for a new trial.  *Flynn* v. *Johnson*, 234 Mass. 36.

It follows that, in our opinion, there was no defect of jurisdiction in the Superior Court to consider and adjudicate the issues raised on the pleadings in the cases at bar.  There was no error of law in the way in which the Superior Court dealt with the questions reported touching the motions for new trial.

In both cases the exceptions taken at the trial disclose no error of law and are overruled.  The action of the judge on the motions for new trial is affirmed.

*So ordered.*