Bolster, C. J.
In the matter of plaintiff’s petition to prove report.
The plaintiff sued for $4433.61 and received a finding for $1877. He filed a motion for a new trial on the question of damages only. The judge denied it and imposed $25. costs. The plaintiff’s petition now seeks to bring up the question of the judge’s power so to impose costs. Given the power, nothing appears to show that it was wrongly exercised in this case.
It is to be observed that the rule-making power of the court, under G. L. Ch. 218, §50, and the last clause of G. L. Ch. 231, §108, is not involved. No rule in terms gives a single judge the power to impose costs in eases not covered by statute. No interlocutory order was made at a price fixed for making it under Rule'5. The provision for automatic costs on denial of a motion for new trial, to be added by the clerk, neither adds to nor subtracts from the power of a single justice over an isolated case.
*637 There is a plain distinction between affirmative action on condition that costs be paid, a power generally upheld when rightly used, cf. Fuller v. Deerfield Academy, 252 Mass. 258, and a refusal to act, with' costs attached to the refusal. As to the latter, the trend of judicial decision in this state has been to accept legislative control, and to deny the power to impose costs except in cases in which statutes have expressly or impliedly granted it. Harris v. Com., 23 Pick. 280, Jones v. Carter, 8 Allen, 431, Alger v. Boston, 168 Mass. 516 and cases cited.
G. L. Ch. 231, §130 in terms gives power to impose costs upon denial of a motion for new trial, but that section, by the terms of section 141, does not apply to district courts. G. L. Ch. 231, §13 is not applicable. This order was one made as a step in an ordinary action at law. It was not an action or proceeding in which no provision as to costs is expressly made by law. That section deals with generic differences in matters before the courts.
We feel constrained to say that the judge lacked the power to impose costs in this case. The question touches jurisdiction. Lonergan v. Am. Ry. Exp. Co., 250 Mass. 30, 40. The record itself bares the error, and the court has the power and duty of correction, at whatever stage the matter is called to its attention, and by whatever of its agencies it acts. cf. Kaplan v. Bell, App. Div. No. 6134 of 1936 (47-275), 1936 A. D. R. 508.
Order imposing $25. costs on denial of plaintiff’s motion vacated.