*Northern District*

No. 4976

**LUIGI BARASSI**

**v.**

**HARVARD PAINT & WALLPAPER CO.**

(October 31, 1956)

*Gadsby, J.* This is an action of contract to recover for breach of contract that occurred on or about November 1, 1951.

The plaintiff's declaration was as follows:

"The plaintiff says that the defendant is the owner of a certain store located at 393-395 Main Street, Medford, Massachusetts, and engaged amongst other things, in the sale of televisions; that on or about November 1, 1951, the plaintiff went to the store of the defendant in said Medford, that he purchased of the defendant, its agents or servants or employees,

a certain television set; that at the time of the purchase of said television set he left the selection of said television set to the defendant, its agents or servants or employees, relying upon the defendant, its agents, servants or employees' skill and judgment; that the defendant, its agents, servants or employees exhibited and recommended to the plaintiff, that he purchase a Stancliffe, 24 inch combination Stromberg-Carlson and that the plaintiff would find the tone, quality and materials used, to be excellent and in accordance with the above statement guaranteed and warranted its fitness and use; that in fact the said television set was not, is not and has not been in good working condition from the time of purchase; that the said television set has continuously been unworkable, of poor material, poor workmanship and poor tone quality and that in consequence thereof the plaintiff was obliged to spend large sums of money attempting to repair said set, all to his great damage as alleged in his writ."

The defendant's answer was general denial and payment.

Mary Barassi testified that she and her grandson, Louis Barassi went to the defendant's store in Medford, Massachusetts, with the intention and desire of buying a television set; that they asked the defendant for a television set not mentioning it by name; that the defendant recommended a twenty-one inch Stromberg-Carlson Stancliffe model, recommending its tone, quality and fitness; that as a result of his, the defendant's representations, did in fact buy said set; that because of its failure the defendant sent them to the L. J. McAllister Company, a distributor for said Stromberg-Carlson Company and that after much discussion they replaced said television set with a similar one they had on the floor, that this set also failed, complaints were made to the defendant, L. J. McAllister Company and the Stromberg-Carlson Company, letters of which, are made part of this

record and that said set has not been in use for years and as a fact from time it was received it never operated correctly. Louis Barassi, a student at Boston College testified in substance to what his grandmother, Mary Barassi, a very elderly woman had testified to. The defendant testified that the plaintiff asked for said television set by name, and that he did send a man to repair it, and that he did refer the plaintiff to the L. J. McAllister Company and to the Stromberg-Carlson Company.

The Court denied plaintiff's request for ruling No. 2, which was as follows:

"Upon all the evidence, the plaintiff is entitled to recover."

The Court found the following facts:

"The plaintiff purchased a Stromberg-Carlson television set from the defendant in November, 1951. It developed trouble soon after its purchase and L. J. McAllister Company, the local distributor for Stromberg-Carlson sets, exchanged it for another set, which the plaintiff accepted and still has in his possession. The second set developed some trouble after it was received, but no liability can be imposed on this defendant.

The defendant has fulfilled all of its obligations, if any, to the plaintiff."

The plaintiff then filed the following motion for a new trial:

"The plaintiff respectfully requests that a new trial be granted him, and assigns as reasons therefor, the following:

1. The finding for the defendant is against the evidence.

2. The finding for the defendant is against the weight of the evidence.

3. The finding for the defendant is against the law."

The plaintiff on his motion for a new trial filed the following requests, which were denied:

"The plaintiff respectfully requests this Honorable Court to make the following rulings:

1. Where the buyer depends upon the seller's skill and judgment in purchasing a television set, and there is a defect, the seller is liable.

2. Upon all the evidence, the plaintiff is entitled to recover.

3. Upon all the evidence, the court would be warranted in finding that the plaintiff relied upon the defendant, his agent or servants' skill and judgment in the selection of the article in question.

4. The Court is warranted upon all the evidence in finding that the plaintiff offered back the television to the defendant, his agent or servants.

5. Upon all the evidence, the court is warranted in finding as a fact that the plaintiff relied upon the defendant, his agent or servants' skill and judgment in the purchase of the television set.

6. The measure of damages for breach of warranty, shall be the loss directly and naturally resulting in the ordinary course of events, from such breach.

7. In case of breach of warranty of quality, such loss shall be the difference between the value of the goods at the time of the delivery to the buyer and the value they would have had if answering to the warranty.

8. The buyer can accept or keep the goods and maintain an action against the seller for damages for such breach.

9. The buyer can return them or offer to return them to the seller and recover the price or any part thereof which has been paid."

The judge denied the plaintiff's motion for a new trial.

The plaintiff claimed to be further aggrieved by the denial of his motion for a new trial and his requests for rulings.

The first point for consideration is the denial by the trial judge of the plaintiff's request for ruling that, "Upon all the evidence the plaintiff was entitled to recover." There was no error in this action by the trial judge, since the request failed to comply

with Rule 27 of the District Courts, in that, no specifications were filed. *Holton v. Am. Pastry Products*, 274 Mass. 268, 270; *Gibbons v. Denoncourt*, 297 Mass. 448, 450.

■ The next point raised by the plaintiff is that there was error in the denial of his motion for a new trial and in the disposition of the request for rulings of law filed in support of said motion.

■ It is clear that a motion for a new trial is addressed to the discretion of the trial judge, which discretion will seldom be reversed. As far as the various requests for rulings of law were concerned on the motion for a new trial, these requests raised matters which properly should have been raised at the original trial. A party cannot try his case and then if he looses, seek to raise requests for rulings of law on his motion for a new trial which properly should have been raised at the original trial. This would give him two bites at the apple.

As was said in *Kennedy v. Currier*, 293 Mass. 435, 439: "No question of law can be raised on a motion for a new trial which could have been raised at the trial on the merits, unless the trial judge sees fit to entertain it." In *Hellett v. Jordan Marsh Company*, 240 Mass. 110, it was held that a question of law which might have been saved at the trial on the merits could not be raised as a matter of right on a motion for a new trial.

*Therefore there being no prejudicial error committed by the trial judge, the report is ordered dismissed.*

Alfred P. Farese, for the plaintiff.

Arthur J. Travers, for the defendant.