GORDON K. HARVEY *vs.* DONALD F. CORR.

APRIL 28, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

2

Frost, J. This action of trespass on the case for negligence arose out of a collision which occurred on the Alton-Carolina road, so called, a public highway in the town of Richmond. The case was heard in the superior court by a justice thereof sitting without a jury and resulted in a decision for the plaintiff in the sum of $94.93 and costs. It is before us on the defendant's exceptions, one of which is to the admission of evidence and the other to the decision of the trial justice.

It appears from the evidence that on the afternoon of March 21, 1952 plaintiff's car was parked on the southerly side of the highway but somewhat off the traveled portion thereof. Two or more cars were parked in the rear of his car. The defendant was driving in an easterly direction when his car collided with one of the parked cars causing the latter to be pushed into the car in front of it, which in turn was pushed forward and into plaintiff's automobile, a Mercury coupe, resulting in damage thereto.

The plaintiff brought suit to recover for damage to his automobile and filed a declaration containing two counts. In the first count he alleged that he was in the exercise of due care and while his automobile was parked on a public highway defendant operated his car so negligently as to cause another car to collide with plaintiff's automobile.

In the second count, after stating his own due care, plaintiff alleged that defendant was negligent in that he failed to have his car under proper control whereby it collided with a car owned by Herman Goldstein, thereby causing that car to collide with a car owned by David Earl York, and that because of the impact the York car was pushed against plaintiff's car causing damage thereto.

We are of the opinion that the first count states a case in that plaintiff alleges a collision on a public highway while

he himself was in the exercise of due care. *Reichwein* v. *United Electric Rys.*, 68 R. I. 365. That case in effect, if not actually, overruled *Ferra* v. *United Electric Rys.*, 52 R. I. 7. It is also our opinion that the second count states a case in that defendant failed to have his motor vehicle under proper control. The words proper control are broad enough to include speed or a deviation to the right or to the left which is ordinarily controlled by turning the steering wheel. There was no request for a bill of particulars to determine the exact meaning of the words proper control.

At the trial plaintiff called defendant as his first witness. He testified that he was driving his motor vehicle, a 1939 Chevrolet, at the time and place alleged in the declaration; that he was proceeding at a speed of about 30 miles an hour when "all of a sudden something let go in the steering wheel or something—I turned the wheel and the car shot right off to the right." The result was that his car struck another automobile, which in turn collided with a second car and that car collided with plaintiff's automobile. The plaintiff's counsel then asked the witness, "Did you make an inspection of your 1939 vehicle to determine its fitness and safe operation before the collision happened?" Over defendant's objection the witness replied, "No." This exception is one on which defendant relies.

We are of the opinion that the trial justice was in error in allowing the question at that time. The plaintiff had already proved the allegation of his second count, since defendant had stated that he was unable to control his car. Whether any inspection thereof had been made by defendant or whether such inspection was necessary was a part of defendant's defense and should have been left to his counsel to bring out to the extent that he desired at the proper time. In this case the defense was that while defendant's car was not controlled by its operator and an accident occurred, there was no negligence on his part, since up to the time of the accident his car had been in good running condition.

In other words the defense was that the accident was merely one for which he was not responsible. The question to which exception was taken was asked prematurely, but in view of the defense it was harmless error. This exception is overruled.

The defendant testified that his car was in good running condition up to the time of the accident; that he had no notice of any weakness therein; and that the car had been greased and oiled periodically. However, there was no evidence that it had been inspected prior to the accident.

The defendant in his brief asserts that plaintiff failed to produce any legal evidence of negligent operation. The plaintiff showed by his first witness, the defendant, that the latter did not control his motor vehicle, which was the allegation of the second count. It then became necessary for defendant to prove if he could that while he failed to control his car such failure was not negligence since it was due to a broken drag link of which condition he had no previous knowledge.

Earl T. Holmes, a garage mechanic who was a witness for plaintiff, testified that defendant's car was towed to his garage. When questioned by plaintiff's counsel as to what he told Aaron Tetlow, Jr., the state trooper, when he asked him what shape the car was in, he replied, "I told him it was wore some. Q. What was worn? A. Wore some." In cross-examination Holmes testified as follows: "Q. And you told the State Trooper that from a cursory examination there appeared to be something wrong with the drag link, is that right? A. Yes. Q. Is that what caused the accident, the drag link? A. Yes. Q. What is the drag link? A. The drag link is a short rod that connects the steering box to the control in the front wheels. Q. What was wrong with that drag link when you saw it? A. The spring was broke."

We are of the opinion that while the automobile, which was thirteen years old, had reached what might be termed maturity, it had not necessarily deteriorated to the point of

disintegration or obsolescence. There was no evidence of its mileage. There was evidence that it had been oiled and greased periodically but no evidence of any inspection. Considering the many highway accidents caused by motor vehicles, we are of the opinion that ordinary prudence requires that a person operating a motor vehicle thirteen years old upon a public highway should have such vehicle inspected for mechanical defects at reasonable intervals.

In 2 Restatement, Torts §307, it is stated at page 833, "It is negligence to use an instrumentality, whether a human being or thing, which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others." For cases resulting from accidents involving the question of inspection, see *Dostie* v. *Lewiston Crushed Stone Co.*, 136 Me. 284, and *Lonergan* v. *American Ry. Express Co.*, 250 Mass. 30.

In the instant case the trial justice could have found that it was incumbent upon the defendant in the existing circumstances to have an inspection made of his car for mechanical defects; that such inspection was not had; and that the accident was due to his failure to have such inspection. The trial justice's decision was without error and this exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Charles H. Trumpetto, Albert Lisker,* for plaintiff.

*Cappucchio & Cappuccio, Louis B. Cappuccio, Frank S. Cappuccio,* for defendant.