GLADYS DOULAMES *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA. February 15, 1974. This is an action in contract brought by the plaintiff beneficiary to compel the defendant company to pay $50,000 allegedly due under a policy of insurance on the life of her late husband. The jury returned a verdict for the defendant. There was no error in the judge's denial of the plaintiff's motion for a directed verdict at the close of the defendant's case. The insurance company produced evidence of certain material misrepresentations made by the insured on his application for the policy. See G. L. c. 175, § 186. The admission of the insurance application as a decedent's declaration under G. L. c. 233, § 65, did not preclude a finding of intent to deceive. See *Flanagan* v. *John Hancock Mut. Life Ins. Co.* 349 Mass. 405, 409 (1965). The jury could have inferred an actual intent to deceive from the number and nature of the insured's incorrect answers to more than six unambiguous application questions which, if answered correctly, would have revealed that he had been admitted to a hospital little more than a year earlier for electrocardiograms and other tests that revealed the presence of arteriosclerotic heart disease and high blood pressure. The uncontradicted evidence of the death certificate shows that the deceased died of a coronary thrombosis. The jury could have found that the company's risk was increased, either from the expert testimony of a physician witness that blood tends to clot and form a thrombosis when the arteries are

narrowed by arteriosclerosis, or by inferring from the testimony of the defendant's underwriter that had the insured given truthful answers, the company would have undertaken further inquiry which very probably would have revealed the presence of a heart condition. See *Shaw* v. *Commercial Ins. Co.* 359 Mass. 601, 606-607 (1971). The plaintiff's requested instruction No. 3 to the effect that an innocent misstatement may never be found to increase risk of loss was properly refused. See *Shaw* v. *Commercial Ins. Co., supra,* at 606-607. Requests Nos. 6 and 11 in regard to the question of intent to deceive were adequately covered in the judge's charge. *Gelineau* v. *Massachusetts Bay Transp. Authy. ante,* 815 (1973), and cases cited. Request No. 7 was also properly refused. The defendant was not bound, by its use of the word "and" in its answer and opening, to prove that the misrepresentations were made with intent to deceive *and* increased the risk of loss. Proof of either under G. L. c. 175, § 186, was sufficient. The judge's denial of the plaintiff's motion for a new trial rested in his sound discretion. *Lonergan* v. *American Ry. Exp. Co.* 250 Mass. 30, 39 (1924). There was no abuse of discretion.

*Exceptions overruled.*

*George P. Jeffreys* (*Nicholas Macaronis* with him) for the plaintiff.
*Edward F. Cregg* for the defendant.